UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY K. LAWSON,

    Plaintiff,

v.

TIMOTHY E. BAXTER, et al.,

    Defendants.
                                 /

Case No. 4:06-CV-109

HON. GORDON J. QUIST

## **OPINION**

Plaintiffs, Gregory K. Lawson ("Lawson"), acting *pro se*, has filed a complaint against Timothy E. Baxter ("Baxter"), Timothy E. Baxter & Associates, P.C. ("Baxter & Associates"), Cass County (the "County"), and the State of Michigan. Lawson alleges that Baxter, an attorney, and his firm, Baxter & Associates, filed a Request and Writ For Garnishment in the Michigan 4th District Court and that the garnishment form listed Fifth Third Bank as the garnishee and contained Lawson's social security number. Lawson claims that the Request and Writ For Garnishment was false because Lawson has never been a client of Fifth Third Bank. He further alleges that Baxter and his law firm violated Lawson's privacy and put him at risk of identity theft by disclosing on the public record Lawson's social security number. Lawson also alleges that the County has a history and/or policy of releasing such information, particularly in connection with domestic relations matters. Finally, Lawson alleges that the State of Michigan has failed to establish protective measures to control the actions of the 4th District Court and/or Friend of the Court in releasing his and other persons' social security number.

On September 13, 2006, the magistrate judge issued an order granting Lawson leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Lawson's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Lawson's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim and seeks relief from a defendant immune from such relief.

First, Lawson's complaint fails to state a claim upon which relief may be granted. An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

Based upon its review of the complaint, it appears that the only possible grounds for this Court's jurisdiction over this matter are Lawson's allegations in paragraph 24 of the complaint that "Defendants have deprived him of privacy, peace of mind, enjoyment of life, equal protection under

2

the law all due Plaintiff under the expressed or implied provisions and/or protections of the 14th Amendment to the U.S. Constitution, and/or the Privacy Act of 1974, Social Security number usage and at a minimum, Section 7 of the Privacy Act of 5 USC 552a." (Compl. ¶ 24.) The Court construes this allegation as asserting two claims: (1) a claim under 42 U.S.C. § 1983 for a violation of Lawson's Fourteenth Amendment rights arising out of the public dissemination of his social security number; and (2) a claim under the Privacy Act of 1974, Pub. L. 93-579, 88 Stat. 1909, 5 U.S.C. § 552a.

Lawson fails to state a claim under § 1983 for violation of his rights under the Fourteenth Amendment. A claim under § 1983 must allege two elements: "1) deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Any such claim against Baxter and Baxter & Associates fails because, according to Lawson's own allegations, Baxter is an attorney in private practice and is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 450 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Moreover, Lawson's § 1983 claim against the State of Michigan fails because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989). Finally, although the County is deemed a person for purposes of § 1983, Lawson fails to allege any act by the County that could be deemed a violation of Lawson's own constitutional rights. In paragraph 18, Lawson alleges that the County "has a history of releasing and/or endangering the personally identifiable information of persons, and/or harming persons by potential identity theft," and he cites, as an example, the County's release of "the full name, date of birth and social security number of a minor child, Travis

3

R. Jones, a minor child of no relation or connection to Plaintiff Gregory K. Lawson." (Compl. ¶ 18.) Lawson does not allege that the County ever released his social security number. Because Lawson does not allege any injury to himself, he lacks standing under Article III to bring a claim against the County. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261, 97 S. Ct. 555, 561 (1977) (stating that in order to establish Article III standing, "[t]he plaintiff must show that he himself is injured by the challenged action of the defendant").[1]

Lawson's claim under the Privacy Act, like his claim under § 1983, also fails. The Sixth Circuit has held that in spite of language in Section 7(b) of the Privacy Act indicating that the Act applies to state and local agencies, the statutory definition of an agency set forth in 5 U.S.C. § 552a(a)(1), includes "only those agencies that fall under control of the federal government" and, therefore, "the Privacy Act applies exclusively to federal agencies." Schmitt v. City of Detroit, 395 F.3d 327, 331 (6th Cir. 2005). Accordingly, even if Lawson had alleged that the County or the State of Michigan had released his social security number, Lawson would have no claim against those Defendants for a Privacy Act violation.

Finally, although the grounds cited above provide an adequate basis for dismissal of all claims, Lawson's claims against the State of Michigan must be dismissed for the additional reason that the State of Michigan is entitled to Eleventh Amendment immunity. Pursuant to the Eleventh Amendment, states and their agencies are immune from suit for both damages and injunctive relief. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58, 116 S. Ct. 1114, 1124 (1996) (stating that

---

[1] Even if Lawson had alleged that the County had released his social security number or other private information, it is doubtful that any privacy right under the Fourteenth Amendment extends to the facts of this case. *See Sexton v. Runyon*, No. 1:03-CV-291-TS, 2005 WL 2030865, at *9 (N.D. Ind. Aug. 23, 2005) (noting that "while a social security number is often protected from disclosure and is not disseminated to the public, the contention that disclosure of a social security number violates the right to privacy has been 'consistently rejected.'") (quoting *McElrath v. Califano*, 615 F.2d 434, 441 (7th Cir. 1980)).

"the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) (stating that "this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State"); *Marine Mgmt., Inc. v. Commonwealth of Ky.*, 723 F.2d 13, 14 (6th Cir. 1983) (per curiam) ("The Amendment has been interpreted to preclude suit against a state by a citizen of that state, in addition to the express prohibition against suits by citizens of another state.") (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890)).  The three exceptions to this rule are: (1) where Congress has explicitly abrogated the states' immunity in a statute passed pursuant to § 5 of the Fourteenth Amendment; (2) where a state has expressly consented to suit in federal court; and (3) where the plaintiff is suing a state official for prospective injunctive relief in order to protect a constitutional right.  *See Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002).  None of the exceptions to immunity cited above applies in this case.

      Therefore, the Court will dismiss Lawson's complaint.

      An Order Consistent with this Opinion will be entered.


Dated: October 20, 2006                                       /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE